**UNITED STATES of America, Plaintiff,**

v.

**Alfred ELLIOTT, Defendant.**

**No. 88 CR 645.**

United States District Court,
N.D. Illinois, E.D.

June 6, 1989.

---

Kristina Anderson, Larry Rosenthal, Asst. U.S. Attys., Chicago, Ill., for plaintiff.

Alfred Elliott, Overland Park, Kan., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

The defendant Alfred Elliott has moved to strike certain sections of paragraph 4 of Count 69, which allege that certain monies are forfeitable under section 1963(a)(3) of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1963(a)(3). For the reasons set forth below, Elliott's motion is granted in part.

In relevant part, section 1963(a)(3) provides:

Whoever violates any provision of section 1962 of this chapter ... shall forfeit to the United States, irrespective of any provision of State law—

\*    \*    \*    \*    \*    \*

(3) any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity ... in violation of section 1962.

Paragraph 3 of Count 69 identifies nine sets of illegal securities transactions on the part of Elliott; each set, according to the government, constitutes a racketeering act, and the nine racketeering acts together constitute a pattern of racketeering activity, in violation of section 1962(c). In the nine sections of paragraph 4, the government seeks the forfeiture of the proceeds of the nine corresponding racketeering acts in paragraph 3.

Elliott argues, however, that certain sections of paragraph 4 (specifically, 4(a), (d), (e), (f), (h) and (i)) must be stricken because he has already paid the proceeds sought to the United States. Elliott notes that in a civil suit brought by the Securities and Exchange Commission, he agreed to pay, without admitting or denying liability, and without any judicial finding of fact, a sum of $271,312, "representing disgorgement of profits allegedly derived from the securities transactions alleged in the complaint." *SEC v. Elliott*, No. 86 C 10184 Consent Decree at 5 (N.D.Ill. Dec. 31, 1986). The "securities transaction alleged in the complaint" are essentially the same acts included in Count 69 as racketeering acts 1, 4, 5, 6, 8 and 9. *See SEC v. Elliott*, Complaint at 5–12 (N.D.Ill. Dec. 30, 1986). According to Elliott, the forfeiture claims connected with these racketeering acts must be stricken "because they seek to disgorge what has already been disgorged."

We agree. This appears to be a matter of first impression, but this result is mandated by the statutory scheme. Section 1963(a)(3) states that a person who violates 1962 "shall forfeit to the United States ... any proceeds ... obtained ... from racketeering activity." The securities transactions alleged in the civil complaint are the same as the racketeering acts in the indictment, and the moneys derived from these racketeering acts have already been paid over to the SEC, an arm of the United States. The requirements of section 1963(a)(3) therefore have already been met

for six of the racketeering acts in Count 69, with one exception that we note below.

This result is also required by the case law including section 1963. As the Supreme Court has said, the purpose of section 1963 is to "remove the profit from organized crime by separating the racketeer from his dishonest gains." *Russello v. United States*, 464 U.S. 16, 28, 104 S.Ct. 296, 303, 78 L.Ed.2d 17 (1983). But the SEC has already separated Elliott from his dishonest gains, if that is what they are, and section 1963(a)(3) consequently does not apply.

The government argues, however, that section 1963(m) nevertheless requires forfeiture. 18 U.S.C.A. § 1963(m) (West Supp.1989). Section 1963(m) provides in part:

If any of the property described in subsection (a) as a result of any act or omission of the defendant—

\*    \*    \*    \*    \*    \*

(2) has been transferred or sold to, or deposited with, a third party

\*    \*    \*    \*    \*    \*

the court shall order the forfeiture of any other property of the defendant up to the value of any property [so transferred].

The government argues that Elliott's payment to the SEC was a transfer to a third party, and that if Elliott is found guilty, we must order the forfeiture of other money to compensate for the money transferred.

We cannot agree. The money Elliott paid to the SEC was not paid to a third party; it was paid to an agency of the United States. The SEC was created by statute, and its Commissioners are appointed by the President with the advice and consent of the Senate. 15 U.S.C. § 78d. We do not see how the SEC can be said to be anything but the United States for these purposes.

The government also argues that Congress contemplated the double recovery it seeks when it created both a forfeiture running in favor of the United States and "a complimentary [sic] private remedy" in 18 U.S.C. § 1964. However, as Elliott notes, this does not mean that Congress contemplated a double remedy in favor of the United States. Requiring forfeiture after Elliott has already paid the SEC would exact just such a double recovery.

Finally, the government emphasizes the mandatory nature of section 1963(a): the statute says the defendant "shall forfeit." *See United States v. Busher*, 817 F.2d 1409, 1414 (9th Cir.1987). We recognize the mandatory nature of the RICO forfeiture provision. But as we explain above, forfeiture of racketeering proceeds has already been accomplished here, and nothing in the statute mandates a double forfeiture.

In short, if Elliott is found guilty, he need not pay again the money he has already paid to the SEC as settlement in the civil suit. In five of the six securities transactions alleged in that suit, the SEC sought and Elliott paid the exact amount in the corresponding sections of Count 69. *Compare SEC v. Elliott*, No. 86 C 10184, Complaint ¶¶ 27, 40, 46, 51, 56 *with* Count 69 ¶¶ 4(d), (e), (f), (h), (i). In the one other transaction, however, Elliott paid over $66,-250, while the government now contends that the proceeds of that transaction, known in the indictment as Racketeering Act 1, amounted to $113,562.50. *Compare SEC v. Elliott* Complaint ¶ 22 *with* Count 69 ¶ 4(a). If the government is correct, Elliott has not forfeited the entire proceeds of Racketeering Act 1, as required by section 1963(a)(3). Accordingly, we will allow the jury, if it finds Elliott guilty, to determine the amount of proceeds obtained from Racketeering Act 1, but subtract $66,250 from the amount determined. If the amount determined is $66,250 or less, Elliott will not be required to forfeit anything for Racketeering Act 1.

For the reasons set forth above, Elliott's motion to strike is granted with regard to paragraphs 4(d), (e), (f), (h) and (i) of Count 69, and denied with regard to paragraph 4(a). The amount of $66,250 will be subtracted from any amount that the jury determines is subject to forfeiture under paragraph 4(a). It is so ordered.